Donald Charles Lopez v. Commissioner. Anna D. Lopez v. Commissioner.
Lopez v. Commissioner
Docket Nos. 68404, 68173.
United States Tax Court
T.C. Memo 1959-9; 1959 Tax Ct. Memo LEXIS 241; 18 T.C.M. (CCH) 56; T.C.M. (RIA) 59009; January 22, 1959
*241 Held, that more than one-half of the support of each of the three children of petitioners was received from petitioner Anna D. Lopez for the calendar year 1955. William S. Wilson, Jr., Esq., 1703 Court Square Building, Baltimore, Md., for petitioner Donald Charles Lopez. Anna D. Lopez, pro se, 1007 Harwall Road, Baltimore, Md. Herbert A. Seidman, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax for the year 1955 for each of the petitioners, Donald Charles Lopez and Anna D. Lopez, in the respective amounts of $390.78 and $367.82. *242 The proceedings were consolidated. The issue presented is whether over one-half of the support of each of the three children of petitioners was received from one of the petitioners for the year 1955. Findings of Fact Donald Charles Lopez, hereinafter sometimes referred to as Donald, resides in Baltimore, Maryland. He filed his income tax return for the taxable year ending December 31, 1955, with the district director of internal revenue for the district of Maryland. Anna D. Lopez resides in Baltimore, Maryland. She filed her income tax return for the taxable year ending December 31, 1955, with the district director of internal revenue for the district of Maryland. In the year 1955, Donald C. Lopez, Jr., Ricardo Lopez, and Gregory Paul Lopez, the children of the parties, were 11, 10, and 8 years of age, respectively. On July 8, 1954, Donald entered into a voluntary separation agreement with his wife, Anna D. Lopez, hereinafter sometimes referred to as Anna. Under the voluntary separation agreement, Donald agreed to pay to Anna the sum of $36 each week for the support and maintenance of their three children. On April 15, 1957, Anna obtained an A Vinculo Matrimonii divorce *243 from Donald in the Circuit Court for Baltimore County, Maryland, and was awarded the care and custody of Donald C. Lopez, Jr., Ricardo Lopez, and Gregory P. Lopez. During the calendar year 1955, Donald furnished support for said three children as follows: Total payments to Anna for such sup-
port
$1,666.00
Medical and dental care
44.00
Blue Cross (1/4 of $54)
13.50
Clothing
21.37
Shoes
16.22
Miscellaneous
25.00
Total support of children furnished
by husband
$1,786.09
The gross support of the children furnished by Anna for 1955 (before reduction in amount of $1,666 paid to her by Donald, and allowed to him) was as follows: Apportionment of fair rental value of
house, together with gas, electricity,
and heat
$ 600.00
Food
1,050.00
Clothing
936.00
School and tuition
75.00
Birthdays, vacations, recreation
375.00
Car fare and allowance
126.00
Toiletries and room aids
36.00
Laundry, shoe repair, dry cleaning
84.00
Child care while petitioner was work-
ing
335.00
Medical expense
20.00
Total
$3,637.00
Less: Cash paid by Donald to Anna for child
support
1,666.00
Net support to children furnished by
Anna
$1,971.00
*244 The total support received by said children for 1955 was not more than $3,932.09 and not less than $3,757.09. Anna D. Lopez was employed by the Baltimore Transit Company, Baltimore, Maryland, in 1955 and reported an adjusted gross income of $3,628.39. During the entire year 1955, Anna lived with her three children, Donald, Ricardo, and Gregory, and her mother and father, at 1007 Harwall Road, Baltimore, Maryland. The equitable ownership of the Harwall Road property was in Anna D. Lopez. The fair rental value of said property during the year 1955 was $125 to $130 per month. Anna D. Lopez furnished more than one-half of the support of each of the children of petitioners for the year 1955. Opinion The issue presented to us is whether one of the petitioners furnished more than one-half of the support of each of their three children in the taxable year 1955 and is, therefore, entitled to claim the three children as exemptions. Section 151 of the Code of 1954 provides that an exemption of $600 will be allowed a taxpayer for each dependent (as defined in section 152) who is a child of the taxpayer and who has not attained the age of 19 at the close of the calendar year in which *245 the taxable year of the taxpayer begins. The uncontroverted testimony established that all three of the petitioners' children were under the age of 19 during the calendar year 1955. Section 152 of the Code of 1954 defines the term "dependent" to mean one "over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *." Respondent makes the following statement on brief: "The respondent takes the position that one of the petitioners, but not both, is entitled to the three dependency credits claimed for the calendar year 1955. Such being the case, respondent will assume the role, somewhat of an amicus curiae attempting merely to organize the evidence presented at the hearing and to evaluate it with respect to the legal propositions involved." Donald's Case Our Findings cover the amounts which we hold to have been furnished in 1955 by Donald for the support of the children. Some comment is required as to several of the items. Donald offered in evidence stubs and receipts purporting to represent all money payments made by him to Anna in 1955 for the support of the children. He testified that he had totaled *246 the amounts on an adding machine, but did not remember the total amount. Counsel then asked the following question: "Would it be $1,919?" The witness answered in the affirmative. We have carefully totaled the stubs and receipts (received in evidence as Petitioner's Exhibit #3) on an adding machine and reached the total of $1,666. Anna denied that Donald had made all of the payments for which he was obligated in 1955 and testified that he had paid her "close to $1,700." We note that respondent's calculation is the same as ours. In the light of the foregoing, we hold the figure of $1,666 to be correct. As to the Blue Cross item, Donald introduced evidence showing total payments of $54 for 1955. There is no affirmative evidence supporting the allocation of any particular part of this amount for child support. Applying the principles of (C.A. 2, 1930), we have allocated $13.50 of this amount to such support. While we think this is quite sufficient, we note that any possible increase would not affect the result herein reached. With respect to the "Miscellaneous" item, Donald testified, in part, as follows: "but just offhand, I would *247 say I spent an additional $100 that I don't have any record of whatsoever, on maybe essential things or non-essential things, but it was spent on the children directly." Except for a reference to haircuts, and, on occasion, taking the children to sports events, he does not describe the "things" for which the money was spent. There is a conflict between his testimony and that of Anna as to the frequency or infrequency with which he furnished entertainment or recreation to the children. Again applying the principles of , in the light of our consideration of the whole record, we have allowed $25. There, also, allowance of the full amount would not alter the result. On the basis of our Findings of Fact, it is clear that Donald contributed less than half of the support furnished to the children in 1955. We think it appropriate to point out that the amounts of support which Anna claims to have furnished are based on her estimates. We have accepted the estimates, subject to some revisions to be discussed infra in relation to her own case, because of the following circumstances. Although Anna was quite emotional on several occasions during the *248 trial, she impressed us as being truthful and reliable. It is likewise apparent that she, of necessity, was running the house-hold on a very close budget, and that she had a very accurate knowledge of where the money went. No one questions the fact that she spent substantial amounts out of her own funds for the support of the children, and there is no apparent or inherent improbability with respect to the amounts claimed. Even if we came to a different conclusion, it would not help Donald. In order for him to meet his burden of proving that he furnished more than one-half of the support of the children, it would be necessary for him to establish the total amount of support furnished. This he made no effort to do, and was probably not in a position where such proof was available to him. It is only through his wife's testimony that a total figure could be established. If her testimony be substantially disregarded, therefore, Donald must necessarily fail to meet his burden, because, without the total support figure, he could not, or in any event did not, demonstrate that his own contributions amounted to more than half. As to Donald's case, therefore, we must sustain the respondent. *249 Anna's Case Again our Findings cover the amounts of support which we hold were furnished by Anna for the children in 1955. Comment as to several of the items appears appropriate. Anna claimed $740 which she allocated to the benefit which the children received from the use of the residence. She based the amount on a share of the mortgage payments which she made in 1955. We do not think that mortgage payments, of themselves, are proper criteria of support furnished. Instead, we think the measure is a proper allocation of the fair rental value of the property. . Evidence that the fair rental value was $125 or $130 per month is not challenged. Moreover, Anna furnished heat, gas, and electricity. Accepting the annual fair rental value as $1,500, we have found as a fact that a proper apportionment thereof (to include heat, gas, and electricity) to be attributed to support of the children is $600 or 40 per cent of the annual fair rental value. Anna claimed expenditure of $400 for care of the children while she was working. We have held that child care expense is allowable where the mother is employed. . *250 Analysis of the record demonstrates that the amount actually expended for this purpose was $335. Anna testified to the payment by her of medical expenses of not more than $55. She admitted she was not certain of the amount. We have allowed $20. See Allowance or disallowance of the full amount claimed would not change the ultimate result. We have expressed our reasons for accepting Anna's estimates (subject to the revisions, supra,) in discussing Donald's case. Respondent does not argue that any of the amounts claimed to have been furnished by Anna should be disallowed, and does not object to the allowance of a larger figure ( $740) for fair rental value of the house to be apportioned to the children. On the basis of our Findings of Fact and the foregoing explanation and discussion, we hold that more than one-half of each child's support was received from Anna in 1955. Decisions will be entered under Rule 50.